# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**PAULETTE GARIN,**

                    Plaintiff,

                                                            **Case No. 12-C-646**

          -vs-

**CAROLYN W. COLVIN,**[1]
**Acting Commissioner of Social Security Administration,**

                    Defendant.

---

# DECISION AND ORDER

---

Paulette Garin, proceeding *pro se*, appeals the denial of her application for social security disability benefits. First, the Administrative Law Judge found that Garin was engaged in substantial gainful activity in 2009 as a self-employed piano teacher. Then, the ALJ found that Garin could perform her past relevant work as a music teacher for the balance of the adjudicatory period. On review, the Court will overturn the Commissioner's final decision only if it lacks support by substantial evidence, is grounded in legal error, or is too poorly articulated to permit meaningful review. *Hopgood ex rel. L.G. v. Astrue*, 578 F.3d 696, 699 (7th Cir. 2009).

---

[1] On February 14, 2013, Carolyn Colvin became Acting Commissioner of Social Security. Pursuant to the Social Security Act and the Federal Rules of Civil Procedure, Carolyn Colvin is automatically substituted as Defendant-Appellee in this suit, which services notwithstanding the change. 42 U.S.C. §405(g); Fed. R. Civ. P. 25(d).

The crux of Ms. Garin's argument on appeal is that her physical limitations make it more difficult for her to make a living as a self-employed piano teacher. This is not the appropriate inquiry at step four of the evaluation process, which asks whether the claimant has the residual functional capacity to perform any past relevant work. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). After finding that Garin had the residual functional capacity to perform light work, the ALJ explained that the vocational expert considered "the claimant's performance of duties which are well within the lifting, standing and walking values and demands delineated in light work" and concluded that "the claimant could perform her past relevant work as a music teacher." R. 22. Garin argues that the ALJ failed to account for her difficulty sitting for more than thirty minutes at a time, but the ALJ "specifically questioned the vocational expert about the issue of whether the piano teacher job could be performed seated or standing at will. In response, the vocational expert testified that based on both her personal and professional observations, this job can be performed with this limitation." *Id.* Garin also argues that the ALJ failed to properly credit her treating physician's five-pound lifting restriction. However, the ALJ rejected this opinion because it was "not supported by supported by substantial medical evidence and was contradicted by the objective evidence of normal strength and sensation." R. 20. A treating physician's opinion can be rejected when, as here, the opinion is "inconsistent with the other substantial evidence in the record." *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). Even if the ALJ erred, it was harmless error because Garin admits that her piano teaching job requires no lifting. R. 126.

-2-

Finally, Ms. Garin argues that the ALJ and the VE confused her two primary forms of employment – School Music Teacher and Self-Employed Piano Teacher – and considered them as one form of employment.  However, the VE clearly understood the distinction between the two types of jobs, explaining that a piano teacher would be able to "sit and/or stand at will."  R. 56.  In making her past relevant work finding, the ALJ was obviously referring to Garin's work as a piano teacher.

The denial of benefits is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2013.

**BY THE COURT**:

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**